8422

*EX PARTE* BAYLOR, *IN RE* LONG v. UNION BURIAL AID.

1. SERVICE ON UNINCORPORATED JOINT STOCK ASSOCIATIONS.—Service of summons and complaint on the president of an unincorporated association is, under sections 3336-7-8, of Code of 1912, a sufficient service to warrant a valid judgment against the association and its individual members.

2. CONSTITUTIONAL LAW—DUE PROCESS.—Service on individual members of an unincorporated association by service under statutory provisions on an agent of the association is not depriving the individual members of "due process of law."

3. UNINCORPORATED ASSOCIATIONS.—A provision that each member should only be liable for twenty-five cents, made after the enactment of the statute, is *"ultra vires."*

Before FRANK B. GARY, J., Greenwood, June, 1912. Affirmed.

·Petition by Floyd Baylor and Randal Thorne *et al.*, in the case of M. C. Long, in his own right and executor,

against Union Burial Aid, of Greenwood, S. C.   The Circuit decree is:

"Heretofore suit was instituted in this Court by M. C. Long in his own right and as executor, etc., against 'Union Burial Aid,' of Greenwood, S. C.   The complaint alleged, among other things, that the defendant, 'Union Burial Aid,' of Greenwood county, S. C., is an unincorporated union with a membership of one thousand or fifteen hundred individuals, too numerous to be made parties defendant. * * *

"The summons was served upon the president of the association.   The issues were referred to the master of Greenwood county, who made his report that the petitioners are members of the association and that judgment should be allowed against the defendant and the individuals.

"A decree was made April 10, 1912, making the report of the master the judgment of the Court, and directing that the plaintiff have leave to enter up judgment and issue execution against the defendant, Union Burial Aid, or against Floyd Baylor and the other petitioners herein.   Judgment was entered and execution issued against the individual property of the petitioners.

"The petitioners herein made their petition in the cause, setting forth that prior to April, 1911, your petitioners and others associated themselves together under the name and style of Union Burial Aid, of Greenwood county, S. C., for the purpose of aiding its members and the families of its deceased members in the defrayal of burial and other expenses; that the contract was that upon the payment of twenty-five cents by each member he would be released from further liability, which sum each had paid; that upon the death of Zenobia Thomas, one of the members of said union, his executor brought suit against the union; that service of the summons and complaint in the case was made upon Floyd Baylor, the president of the union, and was not made upon any other members; that judgment was given

against each of the petitioners and execution was issued thereon; that the judgment and execution of which the petitioners have never until recently had any notice, are a cloud upon their respective titles; and the petitioners ask that the said purported judgment entered against them as individuals herein be set aside and declared null and void, and that the plaintiffs be perpetually enjoined from enforcing or attempting to enforce the said judgment and execution.

"A temporary restraining order was made by me, and the respondents were required to show cause why the relief asked for should not be granted. Upon the return being made to this rule the respondents demurred to the petition. I regard this petition as in the nature of a motion in the cause, and while strictly speaking there is no such thing as a demurrer to a motion, nevertheless the arguments in favor of the so-called demurrer may very well be considered as reasons why the motion should not be granted.

"This is the view I take of the matter now before me, to wit, arguments for and against a motion made in the original cause.

"The petitioners contend that, inasmuch as they were never served with the summons and complaint in the cause, no judgment or execution could be properly issued against them; that the provisions of the statutes, to wit, chapter 51 of the Code of Laws of South Carolina, sections 3336-7-8, do not apply to a benevolent association such as the one now before the Court; and that, if they do apply, they are in contravention of the due process clause of the Constitution; and that the contract upon which the judgment is founded limits the liability of the members to the payment of twenty-five cents each, which amount each petitioner has paid, and, therefore, the plaintiffs, being parties to the contract, could not obtain judgment and execution against the petitioners.

"I cannot agree with the petitioners upon any of these propositions.

"The chapter to which reference is made is entitled 'unincorporated joint stock and other associations.'

"The sections thereof to which reference is made are as follows: Section 3336. 'All unincorporated associations may be sued and proceeded against under the name and style by which they are usually known, without naming the individual members of the association.

Section 3337. 'Process served on any agent of any unincorporated association, doing business in this State under the name and style by which it is usually known, shall be sufficient to make such association a party in any Court of record in the county in which such agent may be served.

Section 3338. 'On judgment being obtained against such association under such process, final process may issue to recover satisfaction of such judgment, and any property of the association, and the individual property of any copartner or member thereof, found in the State, shall be liable to judgment and execution for satisfaction of any such judgment.'

"No effort is made to show that the president of the association is not or was not its agent.

"It seems clear that these sections are intended to apply to just such associations as the one before the Court, and to provide a method of bringing before the Court associations of persons doing business under a common name, but having no corporate existence, by service of process upon their agent, and to provide for the issuance of final process against the individual members.

"There is no question that in the original cause the summons was duly served upon the president of the association. Who more than he could be considered the agent of the association? But, as stated above, no effort is made to show that the president is not the agent of the association.

27—93

418            Ex Parte Baylor.

————————————————————————————————————————————————
Circuit Decree.          .                    [93 S. C.
————————————————————————————————————————————————

"It seems to me that the petitioners were before the Court by the substituted service provided by the statute.

"Was this substituted service, or service by representation, obnoxious to the 'due process' clause of the Constitution? I think not.

"'Due process of law' means process according to the law of the land, which process in the States is regulated by the law of the States. *Cox* v. *Gilliam,* U. S. 88 Fed. 343.

"A perfectly satisfactory definition of 'due process' may perhaps not be easily stated. Any legal proceeding enforced by public authority, whether sanctioned by age and custom, or newly devised in the discretion of the legislative power in furtherance of the general public good, which guards and preserves the principles of liberty and justice, must be held to be 'due process of law.' *Brown* v *N. J.,* 175 U. S. 172.

"'The legislature is not open to the charge of depriving one of his rights without due process of law, if it be general in its operations upon the subjects to which it relates, and is enforcible in the usual modes established in the administration of government in respect to kindred matters; that is, by process of proceedings adapted to the case.' 129 U. S. 114, 32 L. Ed. 623.

"In view of these authorities, and many others equally as convincing, I am constrained to hold that the statute in question is not in contravention of the Constitution, and to hold that service in the manner provided in the statute gave to the plaintiff the right, when all other conditions were fulfilled, to enter judgment and execution against the individual property of the members of the unincorporated association.

"The petitioners further urge that the judgment was obtained upon a contract, by which the plaintiff was bound, which released the individuals from further liability upon the payment by each of twenty-five cents, which each has paid.

"Any contract made subsequent to the enactment of the statute must be considered as being subject to the statute and as embracing the statute in its terms. Any contract made in violation of the law of the land must be regarded as being to that extent '*ultra vires*.'

"I hold, therefore, that the terms of the particular contract will render the judgment upon it neither void nor voidable.

"I do not regard this as a motion under section 195 of the Code of Procedure, asking that the judgment be set aside on the ground of some excusable mistake, inadvertence or neglect on the part of the defendants, but rather a motion to set aside the judgment and execution because it is without legal authority, and is, therefore, null and void.

"See the case of *Life Ins. Co.* v. *Terry*, 90 S. C. 1.

"It may be that this view of the case works a hardship to the petitioners. If so, I can only say, 'thus the law is written.'

"It may be that the petitioners can get relief from this hardship by demanding contribution from their fellow members, numbering perhaps one thousand. But with this, at this time, I have nothing to do.

"I therefore conclude that there was legal authority for the judgment and execution issued, and that the same is not unconstitutional."

Petitioners appeal.

*Messrs. Featherstone & McGhee*, for appellant, cite: *Every one is entitled to be heard:* 41 Miss. 49; 2 Bail. 228; 18 Wall. 350; 23 L. Ed. 914; 24 L. Ed. 565; 32 L. Ed. 405; 38 L. Ed. 896; 41 L. Ed. 518; 51 L. Ed. 959. *Construction of statute:* 22 P. & P. 240, 251; 30 Cal. 203; 174 N. Y. 234. *Statutes as construed by Circuit Court are unconstitutional:* 41 Miss. 49; 11 Wall. 259; 2 L. R. A. 657; 1 Black, secs. 220 to 226; 82 Va. 359; 10 Wall. 367; 93 U. S. 277; 95 U. S. 727; 106 U. S. 313; 119 U. S. 188;

48 Am. D. 269; 24 Am. D. 178; 42 L. Ed. 780; 3 Dess. 466; 11 Am. R. 559; 2 Speer. 761; 53 S. C. 259; 42 S. C. 293; 63 S. C. 525; 10 Ency. 300; 52 Am. St. R. 637; 48 Am. D. 272.

*Messrs. Giles & Ouzts,* contra, cite: *What due process of law is:* 53 S. C. 259; 88 Fed. 343; 37 S. W. 513; 2 L. R. A. 655; 16 L. R. A. 233; 129 U. S. 114; 72 N. W. 853; 17 Mass. 330.

January 22, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The judgment of the Circuit Court is affirmed, for the reasons therein stated.